## Furness's Estate.

*Practice, O. C.—Pecuniary legacy—Distribution—Securities taken in lieu of cash—Value of securities.*

Where a pecuniary sum is bequeathed and the legatee at the audit elects to accept securities in lieu of cash, the award should be made according to the value of the securities at the time of the audit, and not as of six months after the date of the death of the decedent.

Petition for review of the rule of distribution. O. C. Delaware Co.

*W. Roger Fronefield*, for petitioner; *George T. Butler*, contra.

HANNUM, P. J., March 26, 1923.—William Henry Furness, 3rd, died Aug. 11, 1920, having made his last will and testament, executed April 15, 1919. His will was probated on Aug. 23, 1920, in the City and County of Philadelphia, he having declared himself in said will to be a resident of the City and County of Philadelphia. Subsequently exceptions to said probate were filed by the Register of Wills of Delaware County, and, after a hearing thereon, the probate in the County of Philadelphia was vacated, and on Dec. 2, 1921, said will was probated in Delaware County.

By his said will he appointed his brother, Horace Howard Furness, Jr., his friend, Henry La Barre Jayne, Esq., and the Land Title and Trust Company of Philadelphia as executors of his will. Henry La Barre Jayne, Esq., being deceased at the time of the probate of the will, letters testamentary

3 D. & C.

were granted to Horace Howard Furness, Jr., and the Land Title and Trust Company of Philadelphia.

The account of the executors was filed on Feb. 29, 1922, and was confirmed by this court on April 3, 1922, and the balance as shown by said account was audited and adjudicated on April 3, 1922.

By said will the decedent bequeathed as follows: "6th. I give and bequeath to the Land Title and Trust Company of Philadelphia the sum of thirty thousand dollars in trust nevertheless the following uses and purposes, to wit: In trust to hold the same and invest and keep the same invested in such securities, not necessarily those known as legal securities, as in the exercise of cautious prudence the said trustee may deem most profitable and secure, and to pay over the net annual income therefrom arising, at least semi-annually, to Lillian Landers MacLaughlin, at present residing at 102 Belleview Avenue, Upper Mt. Clair, New Jersey, for and during the term of her natural life, and upon the death of the said Lillian Landers MacLaughlin then upon the further trust to assign, transfer and set over the said principal sum of $30,000 to such person or persons and for such estate as she shall by her last will and testament direct, limit and appoint, or in default of such appointment then to those persons who are entitled to get the residuary estate under the hereinafter recited provisions of this will. 12. I authorize and empower my executors and trustees to retain any investments which I may leave at the time of my death, or in their discretion to sell and convert the same and to invest and reinvest the trust estate in such securities as to it or them shall be deemed proper, not confining them to what are known in Pennsylvania as legal investments, without liability for depreciation or loss by reason of the exercise of the discretion herein vested in them, or for any cause other than negligence."

At the audit, the court awarded to the Land Title and Trust Company, trustee for Lillian Landers MacLaughlin, $30,000 out of the principal, and interest on the said $30,000 from Aug. 11, 1921, less $1000 already paid her; and as the estate consisted of securities and cash, directed counsel to prepare schedule of distribution in accordance with said adjudication, which, when approved by the court, was to be filed of record to become part of the adjudication.

On June 19, 1922, a supplemental account and schedule of distribution was filed in court, which was agreed to by all the parties and approved by the court.

In said schedule the $30,000 awarded to said Land Title and Trust Company as trustee was set out as consisting of certain bonds, notes, stock and cash. The bonds, notes and stock were appraised at $29,910.50, and the difference between that and $30,000 was made up of cash, $89.50.

On Nov. 27, 1922, this petition for review of the schedule was filed and a citation directed to be issued to all the parties to show cause why the said review should not be allowed.

In the said petition it was claimed that the stocks and bonds awarded in said schedule of distribution to the said trustee were appraised at more than their value was at the end of six months from decedent's death; that they should have been awarded, if at all, at the value as of that date, and there was due the petitioner or the trustee for the petitioner an additional sum of $2220.18; that legacies are due at the end of six months from the time of the death of the decedent, and as the trustee had been given the discretion to accept stocks and bonds and securities owned by the decedent at the time of his death, that the payment in stocks, bonds and securities should be made at

the same value as they were at the end of six months from the time of the death.

The answer denied that the securities should have been awarded as claimed, and the matter was argued by counsel.

This is a pecuniary bequest. If, as in Keim's Estate, 26 Dist. R. 272, the bequest had been made payable in certain stocks, then the contention of the petitioner might be correct. But in this case there was no such bequest, and as the taking of the securities was optional with the trustee, there was no error in making the adjudication and award as it was made. The trustee and *cestuis que trustent* have received from this estate all that the will and the law gives them. There is no claim or contention that the stocks and bonds as awarded were not of the value at which they were appraised at the time of the distribution. The trustee and petitioner have received all that the will and the law gives them, to wit, $30,000, with interest from Aug. 11, 1921, up to June 1, 1922, when the schedule of distribution was approved.

The petition is, therefore, dismissed.          From A. B. Geary, Chester, Pa.